UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHRISTINE MONAHAN,          )
                            )
            Plaintiff       )
                            )   05         11304       RGS
v.                          )         COMPLAINT
                            )
NATIONAL RAILROAD PASSENGER CORPORATION,)
d/b/a AMTRAK,               )
                            )
            Defendant       )
            MAGISTRATE JUDGE JLA

RECEIPT # _____
AMOUNT $250
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE ___

## INTRODUCTION

Plaintiff Christine Monahan brings this Complaint against her employer Amtrak, seeking compensation for lost wages and other damages arising out of Defendant's statutory violations. This action seeks relief pursuant to the Americans with Disabilities Act and a declaratory judgment pursuant to 22 U.S.C. § 2201 that Defendant is bound by guidelines promulgated by the Federal Railroad Administration.

## PARTIES

1. Plaintiff Christine Monahan is an adult individual who resides at 47 Broad Cove Road, Hingham, Massachusetts.

2. Defendant, National Railroad Passenger Corporation (hereinafter "Amtrak"), is a federally chartered corporation incorporated by Congress in 45 U.S.C. § 501, incorporated under the laws of the District of Columbia and having its principal place of business in the District of Columbia. Amtrak owns and operates interstate railroads and railroad properties as a common carrier of goods and passengers and conducts business in Massachusetts.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked under 42 U.S.C. § 12117. Further, any suit involving Amtrak, as a federal chartered entity, arises under the laws of the United States and confers subject matter jurisdiction over this action.

4. Ms. Monahan exhausted all administrative remedies by appealing Amtrak's denial of a reasonable accommodation through Amtrak's internal procedures and by timely filing with the Equal Employment Opportunity Commission (EEOC) a Charge of Discrimination pursuant to the Americans with Disabilities Act (ADA).

5. On April 19, 2005, the EEOC issued to Ms. Monahan a Notice of Suit Rights.

6. Venue is proper in this Court because Amtrak employed Plaintiff, and committed the violations of statute, in this judicial district.

## FACTS

7. Ms. Monahan commenced work as a railroad conductor for Defendant Amtrak in 1989 to operate the MBTA commuter rail.

8. As a conductor, Ms. Monahan was subject to drug testing under regulations and guidelines promulgated by the Department of Transportation and the Federal Railroad Administration.

9. Ms. Monahan served Defendant diligently and met all of her obligations to Defendant.

10. At no time was Ms. Monahan suspected of using illegal narcotics of any kind.

11. Ms. Monahan commenced a medical leave August 27, 2001 to undergo gastric bypass surgery.

12. In January 2002, Ms. Monahan submitted to a return-to-duty drug test. After approximately four hours, Ms. Monahan was informed that she had not provided a sufficient volume of urine

sample for testing. In addition, Ms. Monahan had not fully recovered from her surgery and was not physically capable of performing all the essential functions of her position.

13. By May 2002, Ms. Monahan was fully recovered from her surgery and capable of performing all the essential functions of her position.

14. On May 2, 2002, Ms. Monahan again submitted to a return-to-duty drug test. During a three-hour test period on May 2, 2002, Ms. Monahan attempted unsuccessfully to provide a urine sample. She consumed in excess of forty ounces of water, and repeatedly informed the supervising nurse that she was unable to void, despite her attempts and desire to do so.

15. Ms. Monahan suffers from a permanent impairment known as paruresis, colloquially referred to as shy bladder condition. Ms. Monahan's permanent impairment is caused in part by chronic pelvic floor dysfunction.

16. Paruresis is recognized in the Diagnostic and Statistical Manual of Mental Disorders - Fourth Edition (DSM-IV), published by the American Psychiatric Association in 1994, as a specific social phobia which manifests itself as a physical inability to urinate in public or when being pressured or evaluated.

17. As a direct result of being afflicted with paruresis, Ms. Monahan was unable to provide a urine sample for the return-to-duty drug test May 2, 2002.

18. Ms. Monahan obtained an independent blood test from a qualified physician on the same day as the return-to-duty test which showed she tested negative for illegal narcotics of any kind.

19. Amtrak has refused to accept the results of Ms. Monahan's May 2, 2002 blood test.

20. Since May 2002, Ms. Monahan has been ready and willing to submit to an alternative

collection method, such as by providing a blood sample or hair sample, to comply with Amtrak's drug testing requirements.

21. Permitting Ms. Monahan to provide a blood sample or hair sample as an alternative means of complying with Amtrak's return-to-duty drug testing requirements is a reasonable accommodation as defined by the Americans with Disability Act.

22. Permitting Ms. Monahan to provide a blood sample or hair sample as an alternative means of complying with Amtrak's return-to-duty drug testing requirements is specifically permitted by the Federal Railroad Administration guideline 49 CFR § 40.195.

23. Amtrak has prevented Ms. Monahan from returning to active duty by repeatedly refusing since May 2002 to grant the reasonable accommodation of an alternative drug testing procedure.

24. Amtrak has been aware Ms. Monahan suffers from paruresis since January 1992.

25. In 1995, due to Ms. Monahan's permanent impairment, Amtrak established a written protocol for acquiring a random drug test specimen from Ms. Monahan. This protocol was in effect for Ms. Monahan until 2001.

26. In July 2002, Amtrak requested Ms. Monahan to submit to certain urological testing to reconfirm her shy bladder condition. Amtrak's request constituted an adverse action against a qualified individual with a disability because the required testing posed a medical risk to Ms. Monahan, in light of the size of her remaining stomach pouch after the gastric bypass surgery.

27. Amtrak suspended Ms. Monahan without pay, cancelled her insurance benefits, and took other adverse actions against her because she could not provide the required urine sample.

28. Amtrak's conduct constitutes discrimination against a qualified individual with a disability under the ADA which has caused, and continues to cause, Ms. Monahan significant damages.

## CLAIMS FOR RELIEF

### COUNT I

### Violations of the Americans with Disabilities Act
### 42 U.S.C. §12111 et seq.

29. Ms. Monahan hereby realleges and incorporates by reference every allegation contained in paragraphs 1-28.

30. At all times relevant, Amtrak was an employer covered by the ADA.

31. At all times relevant, Ms. Monahan was qualified and capable of performing the essential functions of her position.

32. Starting in 1991, Ms. Monahan was a qualified individual with a disability who could perform the essential functions of her position with a reasonable accommodation.

33. Ms. Monahan's paruresis is a permanent impairment which substantially impedes Ms. Monahan's major life function of voiding her bladder.

34. Because of the prevalence of return-to-duty drug testing and random drug testing in the workplace, Ms. Monahan's permanent impairment significantly restricts her ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

35. Amtrak violated the ADA by denying Ms. Monahan's request for a reasonable accommodation.

36. Amtrak violated the ADA by retaliating against Ms. Monahan after she sought a reasonable accommodation, by suspending Ms. Monahan without pay, cancelling her insurance benefits, and taking other adverse actions against her.

## COUNT II

### Declaratory Judgment
### 22 U.S.C. § 2201

37. Ms. Monahan hereby realleges and incorporates by reference every allegation contained in paragraphs 1-36.

38. The Federal Railroad Administration (FRA) guideline regarding return-to-duty drug testing collection procedures in cases where an individual is unable to provide a sufficient amount of urine for a return-to-duty test because of a permanent or long-term medical condition, 49 CFR § 40.195, specifically permits Amtrak to "conduct an alternative test (e.g. blood) as part of the medically appropriate procedures in determining clinical evidence of drug use."

39. Amtrak failed and refused to comply with 49 CFR § 40.195 in regard to Ms. Monahan's return-to-duty drug test.

40. Amtrak's refusal to comply with the FRA guideline presents a justiciable controversy because Ms. Monahan suffered actual injury and there is dispute as to whether Amtrak may continue to disregard this testing guideline in the future.

**WHEREFORE**, Plaintiff demands judgment in her favor and prays that this Court:

    a. on Count I, enter a monetary award to compensate Plaintiff for the actual damages she suffered, including Plaintiff's reasonable attorneys' fees;

    b. on Count II, enter declaratory relief requiring Defendant comply with 49 CFR §40.195;

    c. award Plaintiff statutory interest and the costs of this action; and

    d. grant such other and further relief as this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,
Christine Monahan

By her attorneys,

Date:   June 10, 2005

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Monahan v. National Railroad Corporation

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES _____ (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Englander and Chicoine
ADDRESS Two Newton Place, Suite 200; Newton, MA 02458
TELEPHONE NO. (617) 964-5400

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Christine Monahan

## DEFENDANTS
National Railroad Passenger Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hingham
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Englander and Chicoine
Two Newton Place
Newton, MA 02458
(617) 964-5400

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
42 U.S.C. § 12117
Denial of reasonable accommodation to a qualified disabled individual and retaliation.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 75,000+

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
None

JUDGE _____  DOCKET NUMBER _____

DATE  6/10/05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT