UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE MONAHAN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a AMTRAK,<br><br>Defendant. | Civil Action No. 05 11304 RGS |

### ANSWER AND JURY CLAIM OF DEFENDANT
### NATIONAL RAILROAD PASSENGER CORPORATION

Defendant, National Railroad Passenger Corporation ("Amtrak"), as and for itself alone, by and through its attorneys, hereby answers Plaintiff Christine Monahan's ("Plaintiff") Complaint as follows:

### FIRST DEFENSE

### INTRODUCTION

Amtrak states that this is an introductory paragraph to which no response is required. To the extent that this Paragraph is deemed to contain allegations of fact, these are denied.

### PARTIES

1. Amtrak admits that Plaintiff is an adult individual, but states that it lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

2. Admitted.

## JURISDICTION AND VENUE

3. This Paragraph states a legal conclusion to which no answer is required.

4. Denied.

5. Amtrak admits that on April 19, 2005 the EEOC sent Plaintiff a Dismissal and Notice of Rights order which explained that her claim was dismissed for failure to find violation of the statutes and included a Notice of Suit Rights.

6. Amtrak admits that it employed Plaintiff, denies that it committed any violations of statute, and states that the remainder of this Paragraph states a legal conclusion to which no answer is required. To the extent this Paragraph is deemed to contain other factual allegations, these are denied.

## FACTS

7. Amtrak admits that Plaintiff commenced work as an associate conductor in its Commuter Rail Operations in the Greater Boston Area in 1989, but denies the remaining allegations in this Paragraph .

8. Admitted.

9. Denied.

10. Denied.

11. Amtrak admits that Plaintiff commenced a medical leave on our about August 27, 2001, but lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

12. Amtrak admits the first and last sentences of this Paragraph but denies the second sentence in this Paragraph.

13. Amtrak admits that Plaintiff appeared to have fully recovered from her surgery on May 2, 2002, but denies that she showed she was capable of performing all the essential functions of her position.

14. Amtrak admits the first sentence and that Plaintiff did not provide a urine sample during a three hour test period on May 2, 2002. Amtrak lacks knowledge or information sufficient to affirm or deny the remaining allegations in this Paragraph.

15. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

16. Admitted.

17. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

18. Amtrak lacks knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

19. Denied.

20. Denied

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Amtrak admits that it established a written protocol in 1995 for acquiring a random drug test urine specimen from Plaintiff and that this protocol was in effect until some time in 2001, but denies the remaining allegations in this Paragraph.

26. Amtrak admits that it requested that Plaintiff undergo urological testing in July 2002 to determine if she was suffering from a permanent or long-term medical condition that prevented her from providing a urine sample. Amtrak denies the remaining allegations in this Paragraph.

27. Denied.

28. Denied.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. ss. 12111 et. seq.

29. Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer to Plaintiff's Complaint as if fully set forth herein.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT II
## DECLARATORY JUDGMENT

37. Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

38. Admitted.

39. Denied.

40. Denied.

All allegations not previously addressed are hereby denied.

Amtrak denies that Plaintiff is entitled to any relief and asks the Court to deny any and all such requests made by, or on behalf of, Plaintiff.

## SECOND DEFENSE

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation or other time limitations.

## FOURTH DEFENSE

Amtrak's policies conform to, and are administered in a manner that is consistent with, the requirements of all applicable laws, including, but not limited to: 42 U.S.C. §12111 et seq. and 49 CFR Part 40, including but not limited to 49 CFR §§40.191, 193 and 195.

## FIFTH DEFENSE

Amtrak states that its actions with regard to the allegations contained in Plaintiff's Complaint were reasonable and were taken in good faith for legitimate non-discriminatory business purposes.

## SIXTH DEFENSE

Amtrak states that Plaintiff has not been affected adversely or otherwise damaged by any conduct of Amtrak, or of any person or entity for whose conduct Amtrak is legally responsible or liable.

## SEVENTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by her own actions.

## EIGHTH DEFENSE

If Plaintiff sustained damages or injuries, such damages or injuries were caused by the acts of third persons which Amtrak had no reason to anticipate and of which Amtrak had no knowledge, or over whom Amtrak had no control, and for whose conduct Amtrak is not responsible.

## NINTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of Amtrak.

## TENTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or part by her failure to comply with the procedural or administrative conditions precedent to filing a civil action alleging disability discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111, et seq.

## ELEVENTH DEFENSE

Plaintiff cannot prove a prima facie case of disability discrimination because her alleged medical condition does not qualify as a disability under the ADA, and she was not perceived as disabled by Amtrak.

## TWELFTH DEFENSE

Plaintiff cannot prove disability discrimination because Plaintiff's alleged medical condition was not a factor in Amtrak's legitimate business actions taken with respect to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff cannot prove disability discrimination because Amtrak did not refuse to provide

reasonable accommodation to a qualified individual who could perform the essential functions of the job of conductor.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate her damages, if any, as claimed.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."

Amtrak hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case, and hereby reserves its right to assert any such defenses.

## JURY CLAIM

**Amtrak respectfully claims a trial by jury of all claims raised in Plaintiff's Complaint, and each defense thereto asserted by Amtrak.**

WHEREFORE, Defendant Amtrak prays that:

a. Plaintiff take nothing by this action;

b. Her Complaint be dismissed with prejudice in its entirety;

c. Amtrak be awarded its costs of suit and attorney's fees incurred herein; and

d. Amtrak be awarded such other and further relief as this Court deems just and proper.

                                      Respectfully submitted,
                                      **DEFENDANT,**
                                      **NATIONAL RAILROAD PASSENGER**
                                      **CORPORATION,**
                                      By Its Attorneys,

DATED:    September 16, 2005        s/Stephen E. Hughes
                                      John A. Kiernan (BBO No. 271020)
                                      Stephen E. Hughes (BBO No. 629644)
                                      Bonner Kiernan Trebach & Crociata, LLP
                                      One Liberty Square - 6th Floor
                                      Boston, MA 02109
                                      (617) 426-3900

## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have on September 16, 2005 served a true copy of the foregoing document by first class mail, postage prepaid, to counsel of record for Plaintiff, Denise A. Chicoine, Esq., Englander & Chicoine P.C., Two Newton Place, Suite 200, Newton, MA 02458-1633:

                                        s/Stephen E. Hughes
                                        Stephen E. Hughes